
IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

LAURA REBECCA BARWICK                                    **PLAINTIFF**

VS.                                    **CIVIL ACTION NO. 3:16-cv-77 CWR-FKB**

**WAL-MART STORES, INC.**                                    **DEFENDANT**

## NOTICE OF REMOVAL

**COMES NOW** Wal-Mart Stores, Inc., incorrectly named as the proper party, and the proper

party, Wal-Mart Stores East, LP ("Wal-Mart"), a non-resident limited partnership, by and through

counsel and without waiving any objections to venue or other defenses, including any defenses under

Rules 12(b) and 8(c) of the Federal Rules of Civil Procedure, and files this Notice of Removal of this

action from the Circuit Court of Warren County, Mississippi, to the United States District Court for

the Southern District of Mississippi, Northern Division, and in support thereof, would show unto the

Court the following:

### I.    COMPLAINT

1.      On November 6, 2015, Plaintiff filed her Complaint, hereto attached as **Exhibit A**,

against Wal-Mart Stores, Inc. in the Circuit Court of Warren County, Mississippi, in cause number

15,0122-CI.

2.      In her Complaint, Plaintiff alleges that on November 6, 2012, she visited the Wal-

Mart store located in Vicksburg, Mississippi, and purchased some items. (**Exhibit A**, at 1 (¶4)).

Plaintiff also alleges that after she purchased these items, while "walking toward [an] exit door, . .

. she suddenly slipped and fell to the floor, without warning[.]" (**Exhibit A**, at 1 (¶4)). Plaintiff

further alleges that Wal-Mart "was negligent and violated its duty to . . . maintain [its] premises in

-1-

a reasonably safe condition . . . and . . . to properly warn [her] of the unsafe condition of a wet, slippery floor that directly and proximately caused [her] to fall[,] injuring herself." (**Exhibit A**, at 1-2 (¶6)). Plaintiff claims that as a result of this incident, she injured her back, hips, and legs and that she "has experienced pain and suffering, medical expenses and lost wages and will continue to suffer all such losses in that [her] injuries are serious, debilitating and permanent in nature." (**Exhibit A**, at 2 (¶7)). Also in her Complaint, Plaintiff "demands judgment of and from [Wal-Mart] in the total sum that may be within the jurisdictional limits of" the state court. (**Exhibit A**, at 2 (¶8)). Although Plaintiff seeks an unspecified amount of damages in her Complaint, as discussed herein, she has now clearly established that the amount in controversy exceeds $75,000, exclusive of interest and costs.

## II.     PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN MET

### A.     *This Case is Properly Removable*

3.      This case is properly removable to this Court pursuant to 28 U.S.C. § 1441, which allows the removal of "any civil action brought in a state court of which the district courts of the United States have original jurisdiction . . . to the District Court of the United States for the district or division embracing the place where such action is pending[.]" 28 U.S.C. § 1441(a).

4.      As explained in more detail below, this Court has original jurisdiction of this case, pursuant to 28 U.S.C. § 1332, as amended, which confers diversity jurisdiction onto district courts in cases where, "the matter in controversy exceeds the sum or value of $75,000 exclusive of interest and costs, and is between . . . citizens of different States[.]" 28 U.S.C. § 1332(a)(1).

5.      Additionally, the United States District Court for the Southern District of Mississippi, Northern Division, is the district and division embracing the location of the state court where this

suit is currently pending.

### B.    *This Removal is Timely*

6.    Pursuant to 28 U.S.C. § 1446, a notice of removal "may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or *other paper* from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446 (b) (emphasis added).

7.    Wal-Mart was served with Plaintiff's responses to its Requests for Admissions on January 26, 2016. A copy of this pleading is attached hereto as **Exhibit B**. As discussed herein, said responses constitute the "other paper" from which Wal-Mart first ascertained that the amount in controversy has been met and that this case is removable based upon diversity jurisdiction. *See Hiles v. Wal-Mart Stores East, LP*, 618 F. Supp. 2d 565, 568 (S.D. Miss. 2009) (finding that the defendant had timely removed the case to federal court after being served with the plaintiff's responses to admissions, in which the plaintiff denied the request that asked her to "admit that the value of [her] claims for damages [did] not exceed the amount of $75,000"); *See also Reed v. Flores*, No. CIV.A. 1:09CV84SA-JA, 2009 WL 3766693, at *2 (N.D. Miss. Nov, 2009) (finding that removal was timely where the plaintiff's responses to the defendant's requests for admissions constituted the "'other paper' from which [the defendants] could first ascertain that [the p]laintiff sought over $75,000 in damages").

8.    Because Wal-Mart is seeking to remove this matter within thirty days from January 26, 2016, this removal is timely.

**C. Required Documents Have Been Attached and Notice Has Been Given to the Clerk**

9.     Pursuant to 28 U.S.C. § 1446(a), copies of process, pleadings, and orders served on Wal-Mart are attached hereto as **Exhibit C**. Pursuant to Rule 5(b) of the Local Uniform Civil Rules, a true and correct copy of the entire state-court file will be filed with this Court within fourteen days of the date of removal.

10.     Additionally, contemporaneous with the filing of this Notice of Removal, Wal-Mart will file a copy of the same with the Clerk of the Circuit Court of Warren County, Mississippi, in accordance with 28 U.S.C. § 1446(d).

## III.     DIVERSITY JURISDICTION

11.     As stated, this Court has original diversity jurisdiction over this case pursuant to § 1332(a) because the Plaintiff and Wal-Mart are citizens of different states, and Plaintiff's responses to Wal-Mart's Requests for Admissions establish that the amount in controversy exceeds $75,000, exclusive of interest and costs.

**A. Diversity of Citizenship Exists**

12.     According to the Complaint, Plaintiff is "an adult resident citizen of Warren County, Mississippi." (**Exhibit A**, at 1 (¶1)).

13.     Wal-Mart Stores East, LP is and was a Delaware limited partnership with its principal place of business in Arkansas. WSE Management, LLC; which is the sole general partner of Wal-Mart Stores East, LP; and WSE Investment, LLC; which is the sole limited partner of Wal-Mart Stores East, LP; are and were Delaware limited-liability companies, with their principal places of business in Arkansas. Wal-Mart Stores East, LLC; which is the sole member of both WSE

-4-

Management, LLC and WSE Investment, LLC; is and was an Arkansas limited-liability company, with its principal place of business in Arkansas. Wal-Mart Stores, Inc.; which is the sole member of Wal-Mart Stores East, LLC; is and was a Delaware corporation, with its principal place of business in Arkansas. Therefore, diversity jurisdiction has been established.

### B. *Amount in Controversy Has Been Met*

14. On or about December 18, 2015, Wal-Mart propounded Requests for Admissions to Plaintiff to ascertain whether she was in fact seeking damages in excess of the jurisdictional limit of $75,000. As stated, Wal-Mart was served with Plaintiff's responses on January 26, 2016.

15. In said responses, Plaintiff clearly confirms that she would seek a verdict in excess of $75,000, exclusive of interest and costs at the trial of this matter. The following reflects Plaintiff's relevant responses:

> [REQUEST NO.] 1. Admit that the value of your claims for damages do not exceed the amount of $75,000.00.
> **ANSWER**: Denied.
>
> [REQUEST NO.] 2. Admit that you would not accept any sum greater than $75,000.00 for any damages even if awarded by a jury.
> **ANSWER**: Denied.
>
> [REQUEST NO.] 3. Admit that you will never seek to amend the Complaint to seek an amount above $75,000.00.
> **ANSWER**: Denied.
>
> [REQUEST NO.] 4. Admit that you will never seek a verdict from any jury hearing this action greater than $75,000.00.
> **ANSWER**: Denied.
>
> [REQUEST NO.] 5. Admit that you will not seek a verdict in excess of $75,000.00 exclusive of interests and cost[s] at the trial of this matter.
> **ANSWER**: Denied.

(**Exhibit B**, at 1-2 (¶¶1-5)) (emphasis in original).

16.     As seen above, in her responses, Plaintiff refused to admit that she would not seek a verdict in excess of $75,000, that she would not accept a sum greater than $75,000 for any damages, or that the value of her claim for damages does not exceed $75,000. Therefore, the amount-in-controversy component of diversity jurisdiction has been met in this case, and removal is proper. *Reed*, CIV.A. 1:09CV84SA-JA, 2009 WL 3766693, at *1-2 (finding that removal was proper where the plaintiff had denied a request for admission that asked her to "admit that [she would] not seek damages nor [would she] execute on any judgment rendered in [her] favor against the defendants in excess of $75,000, exclusive of interest and costs"); *Holmes v. Citifinancial Mortgage Co.*, 436 F. Supp. 2d 829, 831-32 (N.D. Miss. 2006) (holding that where Plaintiff claimed $74,500 for all damages alleged in his Complaint but did not submit an affidavit and binding stipulation agreement to that effect and objected and/or refused to answer requests for admissions that stated to a legal certainty that he would not seek or accept damages in excess of $75,000, the defendant had met its burden of proving the amount in controversy by a preponderance of the evidence); *Fields v. Household Bank (SB), N.A.*, 280 F. Supp. 2d 530, 531-32 (N.D. Miss. 2003) (finding that a defendant proves by a preponderance of the evidence that the amount in controversy is greater than the jurisdictional amount where the defendant requests that the plaintiff admit, through a request for admission, that she will not seek more than the jurisdictional limit, and the plaintiff denies this request); *Fields v. Beneficial Nat'l Bank USA*, No. 1:00CV64-S-A, 2000 WL 33907905, at *1 (N.D. Miss. June 7, 2000) (finding that the amount-in-controversy component of diversity jurisdiction had been met where the plaintiff had failed to agree not to seek damages in excess of $75,000).

17.     Wal-Mart reserves its right to amend or supplement this Notice of Removal.

18.     Wal-Mart also reserves all affirmative defenses, including, but not limited to, Rule 12(b) and 8(c) defenses.

**WHEREFORE, PREMISES CONSIDERED,** Wal-Mart respectfully requests that this Court proceed with the handling of this case as if it had been originally filed herein and that further proceedings in the Circuit Court of Warren County be hereby stayed.

Respectfully submitted this the 4th day of February, 2016.

**WAL-MART STORES EAST, LP**

By: _____
THOMAS M. LOUIS  (MSB #8484)
DORISSA S. SMITH (MSB #104541)

OF COUNSEL:

WELLS, MARBLE & HURST, PLLC
Post Office Box 131
Jackson, Mississippi 39205-0131
Telephone: (601) 605-6900
Facsimile: (601) 605-6901
tlouis@wellsmarble.com
dsmith@wellsmarble.com

# CERTIFICATE OF SERVICE

I, Dorissa S. Smith ,hereby certify that I have mailed, by U.S. Mail, postage prepaid, a true and correct copy of the above and foregoing to:

Wren C. Way
Way, Field, & Bodron
1001 Locust Street
Vicksburg, Mississippi 39183

Dated this the 4th day of February, 2016.

Dorissa S. Smith