**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**LAURA REBECCA BARWICK**                                           **PLAINTIFF**

**VS.**                                           **CIVIL ACTION NO. 3:16-cv-77 CWR-FKB**

**WAL-MART STORES, INC.**                                           **DEFENDANT**

---

**MEMORANDUM BRIEF IN SUPPORT OF WAL-MART'S**
**MOTION FOR SUMMARY JUDGMENT**

---

**COME NOW**, Wal-Mart Stores, Inc., improperly named as a defendant, and the proper defendant, Wal-Mart Stores East, LP (collectively "Wal-Mart"), by and through their attorneys and pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, and submit this Memorandum Brief in Support of their Motion for Summary Judgment and, in support thereof, would show unto the Court the following facts and matters to-wit:

**I. RELEVANT FACTS**

This case arises out of an alleged slip and fall by Plaintiff Rebecca Barwick ("Plaintiff") at the Wal-Mart ("store") located in Vicksburg, Mississippi. In her Complaint, Plaintiff alleges that, on November 6, 2012, as she was walking on the premises of the store, she slipped and fell to the floor, injuring herself. Exhibit A to Motion for Summary Judgment, Plaintiff Complaint at 1. Plaintiff asserts claims of negligence against Wal-Mart and seeks damages for physical injuries and medical expenses. *Id*. at 2. Plaintiff's expert-designation deadline was September 19, 2016; however, she did not designate any experts on or before this deadline. Therefore, Plaintiff has no admissible evidence to establish the necessary element of causation, and summary judgment is proper.

## II. ARGUMENT AND AUTHORITIES

### A.     Summary Judgment Standard

The purpose of Rule 56 of the Federal Rules of Civil Procedure is to "enable a party who believes there is no genuine dispute as to a specific fact essential to the other side's case to demand at least one sworn averment of that fact before the lengthy process of litigation continues." *Lujan v. National Wildlife Federation*, 497 U.S. 871,888, 110 S.Ct. 3177, 3189, 111 L.Ed.2d 695 (1990). Summary judgment is mandated where, after the provision of ample time for discovery, the non-movant fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). When the burden of establishing proof is on the non-movant, the movant demonstrates entitlement to summary judgment by pointing out the absence of evidence in the record supporting the non-movant's position. *Rushing v. Kansas City Southern Ry. Co.*, 185 F.3d 496 (5th Cir. 1999). If the record, taken as a whole, could not lead a rational trier-of-fact to find for the non-moving party, then there is no genuine issue of material fact, and summary judgment is appropriate. *Scales v. Slater*, 181 F.3d 703 (5th Cir. 1999).

### B.     Plaintiff's Claims Fail as a Matter of Law Because She Has No Admissible Evidence to Establish the Necessary Element of Causation.

In the subject action, Plaintiff has the burden to present evidence of a hazard which caused her alleged injuries; that the presence of this alleged hazard was caused by some act of negligence of Wal-Mart or its employees; and/or that Wal-Mart knew or should have known of the alleged hazardous condition, that was a proximate cause of the accident and resulting injuries to Plaintiff.

See *Carpenter v. Nobile*, 620 So. 2d 961, 964 (Miss. 1993).

Wal-Mart denies that it committed any act of negligence; however, even if it did, it is entitled to summary judgment, inasmuch as Plaintiff has not produced any admissible evidence demonstrating that any such act of negligence was the cause in fact of her alleged injuries. *See Patterson v. Radioshack Corp.*, 2006 WL 2265296, at \*3 (N.D. Miss. Aug. 7, 2006) (granting summary judgment to the defendant based on the plaintiff's failure to establish causation to a medical probability).

As noted above, Plaintiff did not designate an expert witness in this case. Other than Plaintiff's allegations, there is no factual support for the element of causation, and Plaintiff, who is not an expert, is not competent to offer testimony that the fall at Wal-Mart caused her alleged injuries. See Fed. R. Evid. 701 (lay witness may not offer opinion testimony that is based on scientific, technical, or other specialized knowledge within the scope of Fed. R. Evid. 702); see also *Patterson v. Radioshack Corp.*, 268 Fed. Appx. 298, 302 (5th Cir. 2008) (holding that the plaintiff, who was not a medical expert, could not offer evidence to establish medical causation).

The Mississippi Supreme Court and the Fifth Circuit have unequivocally held that the mere fact that a plaintiff's claimed damages arose after an alleged act of negligence is not sufficient proof that the alleged act of negligence was the cause in fact of those claimed damages.

A situation similar to the case sub judice was confronted by the Mississippi Supreme Court in *Jackson v. Swinney*, 140 So. 2d 555 (Miss. 1962). In *Swinney*, the plaintiff alleged that she had been injured in an automobile accident with the defendant. *Id*. at 556. The defendant conceded that he had been negligent, but the issue was whether his negligence actually caused the plaintiff's back and neck problems and headaches. *Id*. Plaintiff's sole evidence of causation was her testimony that

the problems she complained of arose about three weeks after the accident and that she had not had any of these problems prior to the accident. *Id.* A medical doctor testified that the accident had no causal connection to the plaintiff's problems. *Id.* at 556-57. As a result, the Mississippi Supreme Court held that the trial court erred in refusing to grant the defendant a directed verdict. *Id.* at 557.

Here, like the plaintiff in *Swinney*, Plaintiff has no admissible evidence that her alleged injuries were caused by the alleged fall at Wal-Mart. Like the plaintiff in *Swinney*, Plaintiff asks the Court to conclude that the fall at Wal-Mart caused her alleged injuries. However, Plaintiff has not produced any expert who will testify that her alleged injuries were caused by her fall at Wal-Mart.

In *Black v. Food Lion, Inc.*, 171 F.3d 308, 314-15 (5th Cir. 1999), the Fifth Circuit held that without admissible expert testimony tending to show to a reasonable medical probability that a medical condition was caused by a fall at the Food Lion store, the plaintiff could not recover damages for the subject medical condition. The plaintiff had claimed that a fall at Food Lion had caused her to suffer from fibromyalgia, a debilitating neurological condition. *Id.* at 309. The plaintiff's expert physician testified that the fall had caused the fibromyalgia; the expert based that conclusion solely on the fact that she had excluded other possible causes. *Id.* at 313-14. After holding that the testimony of plaintiff's expert was inadmissible, the Fifth Circuit held that Food Lion could not be held liable for damages related to the plaintiff's fibromyalgia. *Id.* at 314-15.

Like the plaintiff in *Black*, Plaintiff herein has no admissible expert testimony demonstrating to a reasonable degree of medical probability that the fall at Wal-Mart caused her alleged injuries. Wal-Mart is, therefore, entitled to summary judgment because Plaintiff cannot prove that her alleged injuries were proximately by the alleged accident. Therefore, she cannot establish a genuine issue of material fact as to whether Wal-Mart's alleged negligence was the proximate cause of injury to

her, and Wal-Mart is entitled to summary judgment and the dismissal of her Complaint with

prejudice.

**WHEREFORE, PREMISES CONSIDERED,** Wal-Mart, by and through counsel of record

and pursuant to Rule 56(c) of the Mississippi Rules of Civil Procedure, respectfully moves this Court

to enter summary judgment against Plaintiff and dismiss her Complaint with prejudice.

> **WAL-MART STORES, INC. and**
> **WAL-MART STORES EAST, LP**
>
> By: _s/ Dorissa S. Smith_
> THOMAS M. LOUIS  (MSB #8484)
> DORISSA S. SMITH (MSB #104541)

OF COUNSEL:

WELLS, MARBLE & HURST, PLLC
Post Office Box 131
Jackson, Mississippi 39205-0131
Telephone: (601) 605-6900
Facsimile: (601) 605-6901
tlouis@wellsmarble.com
dsmith@wellsmarble.com

## CERTIFICATE OF SERVICE

I, Dorissa S. Smith, hereby certify that a copy of this document was filed using the court's ECF system, which should have automatically emailed a copy to:

Wren C. Way
Way, Field, & Bodron
1001 Locust Street
Vicksburg, Mississippi 39183

Dated this the 5th day of December, 2016.

_s/   Dorissa S. Smith_
Dorissa S. Smith