IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| **LAURA REBECCA BARWICK** | **PLAINTIFF** |
| **V.** | **CIVIL ACTION NO. 3:16-cv-77-CWR-FKB** |
| **WAL-MART STORES, INC.** | **DEFENDANT** |

## RESPONSE OF PLAINTIFF, LAURA BARWICK, TO MOTION FOR SUMMARY JUDGMENT BY WAL-MART, DEFENDANT

**COMES NOW,** Laura Rebecca Barwick, Plaintiff in the above styled and numbered cause, and files herewith her Response to Defendant Wal-Mart's, Motion for Summary Judgment, as follows:

The collective Defendants, "Wal-Mart", moves the Court to dismiss, by Summary Judgment, with prejudice, Laura Barwick's Complaint for personal injuries. As bases for such Motion, Wal-Mart relies on, 1) the Barwick Complaint and, 2) Wal-Mart's Brief in support of the Motion.

Laura Barwick respectfully requests that said Motion be denied.

In support of the denial of this Motion, Laura Barwick, herein referred to as "Barwick", or "Plaintiff", would show that the Complaint filed herein clearly fulfills notice requirements that a cause of action be stated by the Plaintiff against the Defendant, Wal-Mart. Wal-Mart does not contend that the Complaint fails to state a cause of action, but, asserts that, in Barwick's claims of negligence against Wal-Mart and the seeking of damages for physical injuries and medical expenses, "Plaintiff has designated no experts as to damages, injuries or medical expenses. Therefore, Plaintiff has no admissible evidence to establish the necessary elements of causation,

and summary judgment is proper." (Defendant's Memorandum Brief, p.1, emphasis added)

Wall-Mart's argument ignores the facts properly pled in Plaintiff's Complaint - that she was physically injured as a result of the negligence of Wal-Mart, that the negligence of the Defendant was the proximate cause of the injures suffered by Barwick and that Plaintiff is to be compensated therefor if those facts and circumstances are proved by credible evidence by a preponderance of the evidence.

But Wal-Mart asks this Court to extend this burden and to expand it by requiring that Plaintiff produce <u>expert medical testimony</u> that Barwick was injured and to also produce expert testimony that she incurred medical expenses or any other claimed damages. Wal-Mart erroneously concludes that Summary Judgment is necessary at this point of these proceedings because such lack of expert medical testimony summarily prohibits the trier of fact from determining that the negligence of Wal-Mart, if any, proximately caused the injury complained of by the Plaintiff.

Plaintiff would respectfully show that dismissal, with prejudice, of her claim against Wal-Mart on the basis of the Defendant's Motion and Brief are appropriate, are not supported by either the facts of this case, the law cited by Defendant, as well as Defendant's disregard of FRCP 56 in general and Rule 56 (d) and (e) in particular.

Wal-Mart's Brief cites the Mississippi Supreme Court case of *Jackson v. Swinney*, 140 So.2d 555 (Miss 1962) as authority for its legal conclusion that, "the Mississippi Supreme Court and the Fifth Circuit have <u>unequivocally</u> held that the mere fact that a plaintiff's claimed damages arose after an alleged act of negligence is not sufficient proof that the alleged act of

negligence was the cause in fact of those claimed damages." (Defendant's Brief, p.3) (emphasis added) The *Jackson* case was a full trial on the merits, not one of Summary Judgment. At the close of all testimony the defendant, Sweeney, moved the court to grant a peremptory instruction to the jury directing a verdict for the defendant since plaintiff failed to prove that her claimed injury was caused by the defendant. All parties agreed there was no question that Swinney was negligent in causing the accident involving Jackson, but the evidence showed that Jackson complained of no injury at the time of the accident. About three weeks later she complained about the onset of neck and back pains, headaches, left leg numbness and sleep difficulties, which she never experienced before the accident. Six and one-half months after the collision and shortly before suit was filed she consulted an orthopedic surgeon who testified at trial. The doctor testified that Jackson's condition was not related to the accident, but the result of a congenital defect. He found no abnormalities as a result of the accident, and attributed her complaints to the congenital "abnormality called a bifid spinous process, in the middle of the back, where the bones have not united making a complete arch across the middle of the back." (Id, p. 556)

*Jackson* is not applicable either legally or procedurally. This is a question of summary judgment, not that of the application for a directed verdict after the close of testimony.

Wal-Mart makes the illogical conclusion that since Jackson's claim that the accident caused her injuries was rebutted by expert medical testimony, then expert medical testimony is necessary in the instant case to establish causation, i.e., that Wal-Mart's negligence caused the claimed injury to Barwick..

This illogical conclusion by Wal-Mart is further emphasized by Defendant's reliance on another "slip-and-fall" case, *Black v. Food Lion, Inc.*, 171 F.3rd 308 (5th Cir.1999). Black, the plaintiff, claimed that her fall at Food Lion "caused her to suffer from fibromyalgia, a debilitating neurological condition. Black's physician testified that the plaintiff was suffering from fibromyalgia solely on the fact that she had excluded other possible causes. That action went to hearing before a federal magistrate judge sitting without a jury and a money verdict rendered for the plaintiff. Food Lion moved to exclude the physician's testimony citing *Daubert v. Merrell Dow Pharms, Inc.* (509 U.S. 579, 113 S.Ct. 278 (1993) (Standards for scientific reliability), as refined in *Kumho Tire*, 1999 W.L. 152455. (District Court not required to reinvent the wheel every time expert testimony is offered in court.)

In *Black v. Food Lion*, plaintiff sought to prove that she suffered a specific medical condition (fibromyalgia) that was proximately caused by the defendant. This claim of specific medical condition would require expert medical testimony to establish causation. Nowhere in *Black* does it propose that expert medical testimony is required to establish causation or the rights of the plaintiff to seek compensation for injuries.

The *Black v. Food Lion* court specifically speaks to this point in its conclusion:

> "Without Dr. Reyna's testimony, Black cannot hold Food Lion liable for medical expenses, lost wages, or pain and suffering attributable to her fibromyalgia. Black may only be compensated for the damages and medical expenses incurred for the treatment of her direct physical injuries caused by her fall at Food Lion. The case is remanded for recalculation of damages consistent with the foregoing." (Id. pp. 315-316)

Wal-Mart seeks FRCP 56(2) refuge by stating, at Brief, p. 4, "Like the plaintiff in *Black*, plaintiff herein has no admissible expert testimony demonstrating to a reasonable degree of medical probability that the fall at Wal-Mart caused her alleged injuries. Wal-Mart is, therefore, entitled to summary judgment because plaintiff cannot prove that her alleged injuries were proximately caused by the alleged accident." That assertion is an incorrect statement of the law as well as a misuse of Rule 56 by Wal-Mart in asking the Court to summarily decide disputed facts of negligence, causation and resulting injuries that are to be decided by a jury.

Laura Barwick asks that Wal-Marts' Motion for Summary Judgment be dismissed, and for such other relief provided by FRCP Rule 56.

THIS the 20th day of January, 2017.

                              Respectfully submitted,

                              LAURA REBECCA BARWICK

                              BY: s/Wren. C. Way
                                  WREN C. WAY (MSB 7006)

OF COUNSEL:
Wren C. Way, MSB#7006
Way, Field & Bodron
1001 Locust Street
Vicksburg, Mississippi 39183
PHONE: (601)634-8968
FAX: (601-638-5223
EMAIL: wayfieldbodron@cablelynx.com

## CERTIFICATE OF SERVICE

I, Wren C. Way, do hereby certify that a copy of this document was filed using the court's ECF system, which should have automatically emailed a copy to:

Honorable Thomas M. Louis
and Honorable Dorissa S. Smith
Wells, Marble & Hurst
Post Office Box 131
Jackson, Mississippi 39205-0131

THIS the 20th day of January, 2017.

                                                    s/ Wren C. Way
                                                  WREN C. WAY