IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

LAURA REBECCA BARWICK                                          PLAINTIFF

V.                                          CAUSE NO. 3:16-CV-00077-CWR-FKB

WAL-MART STORES, INC.                                          DEFENDANT

**ORDER**

Before the Court is defendant's motion for summary judgment. Docket No. 11. The plaintiff has replied, Docket No. 15, and the Court is ready to rule.

**I.     Factual and Procedural History**

Plaintiff alleges that on November 6, 2012, while on the defendant's premises she slipped and fell injuring her back, hips, and legs. She claims defendant's negligence is the proximate cause of her injuries, and she seeks money damages for her permanent physical injuries, pain and suffering, medical expenses, and lost wages.

The deadline for plaintiff to designate an expert passed without her doing so. Defendant's present motion contends that without an expert it is not possible for plaintiff to prove the necessary element of causation. Defendant is wrong.

**II.    Legal Standard**

Summary judgment is properly granted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The moving party bears the initial responsibility of informing the district court of the basis for its motion, and identifying . . . [what] it believes demonstrates the absence of a genuine issue of material fact." *Wallace v. Tex. Tech Univ.*, 80 F.3d 1042, 1046-47 (5th Cir. 1996) (quotation marks and citation omitted).

Where subject matter jurisdiction is based on 28 U.S.C. § 1332—as it is here—federal courts apply the substantive law of the forum state. *Capital City Ins. Co. v. Hurst*, 632 F.3d 898, 902 (5th Cir. 2011). "State law is determined by looking to the decisions of the state's highest court." *Cole v. Southern Family Markets of Meridian, LLC*, No. 3:13-CV-986-CWR-LRA, 2014 WL 4983483, at *2 (S.D. Miss. Oct. 6, 2014) (citing *St. Paul Fire and Marine Ins. Co. v. Convalescent Servs., Inc.*, 193 F.3d 340, 342 (5th Cir. 1999)).

## III.    Discussion

The briefing contains oversights by both parties. The plaintiff failed to respond to the motion for summary judgment with any facts or evidence upon which she could rely to prove the elements of her case. Instead she referenced only "the facts properly pled in Plaintiff's Complaint," Docket No. 13 at 2, which is insufficient to overcome a motion for summary judgment. *Wallace,* 80 F.3d at 1047 ("Once a summary judgment motion is made and properly supported, the nonmovant must go beyond the pleadings and designate specific facts in the record showing that there is a genuine issue for trial."). Conclusory allegations and unsubstantiated assertions do not satisfy her burden. *Id*; *see also Holliman v. Wal-Mart Stores East, LP*, No. 3:15-CV-525-CWR-LRA, 2016 WL 4262263, at *1 (S.D. Miss. Aug. 10, 2016).

Fortunately for plaintiff, the burden never shifted to her because defendant failed to satisfy its initial responsibility to demonstrate the absence of an issue of material fact, which would lead the Court to conclude that it is entitled to judgment as a matter of law. Defendant does not cite any Mississippi law requiring that the element of causation in a slip-and-fall case or in a claim of negligence more generally can only be proven by an expert's report or through the entry of expert testimony.

Defendant relies primarily on the Fifth Circuit's opinion in *Patterson v. Radioshack Corp.*, which held that "[Plaintiff], who is not a medical expert, cannot simply offer evidence that because the injuries arose after an act of negligence that act of negligence is the cause in fact for those injuries." 268 F. App'x 298, 302 (5th Cir. 2008) (citing *Jackson v. Swinney*, 140 So.2d 555, 556-57 (Miss. 1962)).[1] The court in *Patterson* explained that "[t]o prove the element of proximate cause under Mississippi tort law, a plaintiff must produce evidence 'which affords a reasonable basis for the conclusion that it is more likely than not that the conduct of the defendant was a cause in fact of the result.'" 268 F. App'x at 301 (quoting *Burnham v. Tabb*, 508 So.2d 1072, 1074 (Miss. 1987)). That standard does not preclude plaintiffs in negligence actions from proving causation through means other than the use of an expert—e.g. calling a treating physician to testify about treatment administered and whether or not it is consistent with the type of injury alleged; introducing medical records; introducing surveillance footage; calling eye witnesses; or providing her own testimony.

It is true that plaintiff did not offer any of these types of evidence to rebut defendant's motion for summary judgment, but defendant may not shift the burden to her through simple misstatement of the law. The mere fact that plaintiff failed to timely designate or chose not to designate an expert for this case does not as a matter of law preclude her from recovery.

---

[1] Defendant also cites *Black v. Food Lion, Inc.*, in which the Fifth Circuit applied Texas tort law. 171 F.3d 308 (5th Cir. 2001). The crux of the case was similar to *Patterson*, in that both discussed the sufficiency of medical causation testimony in terms of possibility as opposed to probability, favoring the latter. 171 F.3d at 310; 268 F. App'x at 301. Neither held that without expert testimony causation in a negligence action brought under Mississippi law cannot be proven.

**IV.     Conclusion**

Because it failed to to demonstrate the absence of an issue of material fact, defendant's motion for summary judgment is denied.

**SO ORDERED**, this the 24th day of February, 2017.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE
