## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## NORTHERN DIVISION

| | |
|---|---|
| LAURA REBECCA BARWICK | PLAINTIFF |
| VS. | CIVIL ACTION NO. 3:16-cv-77 CWR-FKB |
| WAL-MART STORES, INC. | DEFENDANT |

### WAL-MART'S AMENDED MOTIONS IN LIMINE

Wal-Mart Stores Inc., improperly named as a defendant, and the proper defendant, Wal-Mart Stores East, LP (hereinafter "Wal-Mart"), by and through counsel of record, submit their Amended Motions in Limine to exclude the following evidence expected to be offered by Plaintiff Laura Rebecca Barwick (hereinafter "Plaintiff") and to have the Court instruct Plaintiff, Plaintiff's witnesses, and Plaintiff's attorney to refrain from testifying, mentioning, arguing, displaying, producing, publishing, and/or inferring, directly or indirectly and/or in any manner whatsoever in the presence of the jury any of the following matters during any portion of the trial of this matter, including voir dire, opening statements, and closing statements:

**I.   ANY EVIDENCE, TESTIMONY, OR ARGUMENTS THAT REQUIRE A MEDICAL OPINION**

Plaintiff's deadline to designate any expert(s) in this matter was September 19, 2016. As of the date of this filing, Plaintiff has not designated any retained experts in this matter. Plaintiff also has not met the requirements to designate any of her treating physicians as an expert herein. Rule 26(a)(2)(D) of the Local Uniform Rules states that a party must designate physicians and other witnesses who are not retained or specifically employed to provide expert testimony but who are expected to be called to offer expert opinions at trial. No written report is required from such witnesses, but the proffering party must disclose the subject matter on which the witness is expected

to testify under Rules 702-3, and/or 705 of the Federal Rules of Evidence, and a summary of the facts and opinions to which the witness is expected to testify. As stated, Plaintiff has not done this.

Plaintiff alleges she suffers from pain on the left side of her body, including her lower back and left hip, as a result of the incident alleged in her Complaint. As Plaintiff has failed to properly and timely designate any expert and the testimony needed to establish medical causation in this case is beyond the purview of lay-witness testimony, she should be precluded at trial from offering any evidence, testimony, arguments, or opinions from any source concerning medical causation.

Alternatively, should the Court conclude that Plaintiff should not be entirely precluded at trial from offering evidence, testimony, arguments or opinions that require an expert opinion, at a maximum, any testifying doctor should only be allowed to offer that testimony that is limited to the facts and opinions contained in any of said doctor's records that were produced during discovery. *See Previto v. Ryobi North America, Inc.*, 2010 WL 5185055 (S.D. Miss. Dec. 16, 2010) (noting that a designation which, in lieu of summarizing a treating physician's opinions, instead references attached medical records is insufficient, but although an attempted designation of a treating physician may be "woefully inadequate" pursuant to Local Uniform Rule 26(a)(2)(D), a treating physician may nonetheless be permitted to testify as to those facts and opinions contained in the medical records which have been provided to opposing counsel).

**II.     ANY EVIDENCE, ARGUMENTS, OR TESTIMONY ON LOST WAGES**

In her Complaint, Plaintiff requests damages for lost wages. However, Plaintiff's claim of lost wages and/or future lost wages is based upon nothing more than speculation and/or conjecture, which is insufficient as a matter of law to support such a claim. *See, e.g., Garcia-Lopez v. Bellsouth Telecommunications, Inc.*, 2010 WL 1873042 (S.D. Miss. May 7, 2010) (citing *Potts v. Miss. Dep't*

*of Transp.*, 3 So. 3d 810 (Miss. Ct. App. 2009) (holding that proof of lost or diminished earning capacity must be established by substantial evidence and cannot be left to mere conjecture; plaintiff is not entitled to recover lost wages/loss of wage earning capacity where plaintiff failed to present any concrete evidence regarding her claim (including whether she had been turned down from jobs due to her alleged injuries) and plaintiff's treating physician did not place any work restrictions on plaintiff)).

Furthermore, Plaintiff has not designated any experts who can offer testimony about future lost wages. Unless a qualified expert, under the provisions of Federal Rule of Evidence 702, can testify that he/she has performed a reliable testing to give Plaintiff a disability rating, and that she is permanently prohibited from performing any kind of work, any testimony regarding lost wages, from any and all witnesses, would be both irrelevant (under Federal Rule of Evidence 401 and 402) and highly prejudicial to Wal-Mart (under Federal Rule of Evidence 403).

**III. ANY EVIDENCE, ARGUMENTS, OR TESTIMONY REGARDING OTHER ALLEGED INCIDENTS AT ANY WAL-MART STORE, INCLUDING THE SUBJECT STORE; THE FINANCIAL SUCCESS, NET WORTH, OR WEALTH OF WAL-MART; OTHER CAUSES OF ACTION TO WHICH WAL-MART IS, WAS, OR WILL BE A PARTY; ANY SETTLEMENTS CONCERNING WAL-MART; AND/OR WAL-MART'S COMMUNITY INVOLVEMENT/INTERACTION**

Pursuant to Rules 401-404 of the Federal Rules of Evidence, Wal-Mart moves to exclude any and all, evidence, argument or testimony regarding such matters inasmuch as they are not within the scope of the issues presented herein and/or would confuse or mislead the jury, unfairly prejudice Wal-Mart, and/or aid in any argument by Plaintiff that Wal-Mart acted in conformity therewith.

**IV. ANY EVIDENCE, ARGUMENTS, OR TESTIMONY CONCERNING SETTLEMENT OFFERS MADE BY WAL-MART**

Pursuant to Rule 408 of the Federal Rules of Evidence, Wal-Mart moves to exclude any and all evidence, arguments, or testimony regarding any and all settlement discussions or offers made by or to Wal-Mart.

**V.    ANY MEDICAL RECORDS AND/OR MEDICAL BILLS NOT PRODUCED BY PLAINTIFF DURING DISCOVERY**

The discovery deadline in this case was November 18, 2016. In *Francois v. Colonial Freight Systems, Inc.*, 2007 WL 4564866 (S.D. Miss. Dec. 21, 2007), the court held that medical records and bills not produced during discovery, even where the plaintiff had provided the defendant with a medical authorization that allowed the defendant to obtain medical records and bills, should be excluded because "the Federal Rules of Civil Procedure specifically require that the plaintiff provide a copy or description of tangible evidence in its possession that it may use to support its claims, and further requires that the plaintiff provide a computation of each category of damages and make available for inspection and copying documents on which each computation is based, including material bearing on the nature and extent of injuries suffered." *Id.* at *3 (citing Fed. R. Civ. P. 26(a)(1)(A)(ii) and (iii) and Fed. R. Civ. P. 37(c)). In this case, to allow Plaintiff to rely upon any evidence, testimony, arguments, records, opinions or reports contained in any medical records and bills Plaintiff failed to produce during discovery would result in substantial prejudice to Wal-Mart and would be in contradiction to both the Federal and Local Rules.

**WHEREFORE, PREMISES CONSIDERED**, Wal-Mart respectfully requests the Court to instruct Plaintiff, Plaintiff's witnesses, and Plaintiff's counsel to refrain from testifying, mentioning, arguing, displaying, producing, publishing, inferring ,or attempting to convey to the jury in any manner, either directly or indirectly, any of the matters set forth above. Wal-Mart further

requests this Court to instruct Plaintiff, Plaintiff's witnesses, and Plaintiff's counsel to refrain from making any reference to the fact that this Motion has been filed and granted and/or to warn and caution each and every one of Plaintiff's witness to strictly follows these instructions.

This the 24th day of February, 2017.

Respectfully submitted,

**WAL-MART STORES EAST, LP**

By: *s/ Dorissa S. Smith*
 Thomas M. Louis  (MSB No. 8484)
 Kenna L. Mansfield, Jr. (MSB No. 1855)
 Dorissa S. Smith (MSB No. 104541)

**OF COUNSEL:**

**WELLS MARBLE & HURST, PLLC**
Post Office Box 131
Jackson, Mississippi  39205-0131
Telephone:     (601) 605-6900
Facsimile:      (601) 605-6901
tlouis@wellsmar.com
kmansfield@wellsmar.com
dsmith@wellsmar.com

## **CERTIFICATE OF SERVICE**

      I, Dorissa S. Smith, hereby certify that a copy of this document was filed using the court's ECF system, which should have automatically emailed a copy to:

Wren C. Way
Way, Field, & Bodron
1001 Locust Street
Vicksburg, Mississippi 39183

Dated this the 24th day of February, 2017

                                              *s/ Dorissa S. Smith*
                                              Dorissa S. Smith